UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20861-CIV-ALTONAGA/Reid

**TRAVIS ORTEZ ANDERSON**,

       Plaintiff,
v.

**STATE ATTORNEY OFFICE**, *et al.*,

       Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Lisette M. Reid's Report and Recommendation of Magistrate Judge [ECF No. 8], entered on October 13, 2020.

On February 27, 2020, Plaintiff, Travis Ortez Anderson, filed a Complaint for Violation of Civil Rights [ECF No. 1] and a pleading the Court construed as a Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3]. That same day, the Court entered two separate Order[s] requiring Plaintiff to file an amended complaint and a new motion for leave to proceed *in forma pauperis* by March 27, 2020, cautioning the failure to do so would result in a report recommending the case be dismissed. (*See* Feb. 27, 2020 Order [ECF No. 5] 3; Feb. 27, 2020 Order [ECF No. 6] 9). Plaintiff failed to comply with the Court's Order requiring him to file a new motion for leave to proceed *in forma pauperis* or pay the filing fee. (*See* Report 1–2).

In her Report, Judge Reid[1] recommends Plaintiff's Amended Complaint [ECF No. 7] be dismissed without prejudice for failure to pay the filing fee or request leave to proceed *in forma pauperis*. (*See id.* 2). The Court agrees. *Pro se* plaintiffs must either pay a filing fee or submit a

---

[1] The Clerk referred the case to Magistrate Judge Reid under Administrative Order 2019-2 for a report and recommendation on any dispositive matters. (*See* Notice [ECF No. 2]).

motion to proceed *in forma pauperis*. *Compare* 28 U.S.C. § 1914(a) (requiring parties instituting a civil action to pay a filing fee), *with* 28 U.S.C. § 1915(a)(1) (permitting *pro se* inmates to file civil actions if they are unable to pay filing fees).[2] Plaintiff has neither paid a filing fee nor submitted leave to proceed *in forma pauperis* despite the Court's Order instructing him to do so. Thus, the case must be dismissed.[3]

Even if Plaintiff moved for leave to proceed *in forma pauperis*, the Amended Complaint does not survive 28 U.S.C section 1915(e) screening. According to 28 U.S.C. section 1915(e), courts are permitted to dismiss a suit filed *in forma pauperis* "at any time if the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2) (alteration added). Plaintiff's Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff has filed a barebones Amended Complaint against Defendants, the State Attorney Office, Florida's Department of Corrections, and Elidreanna Williams, a private citizen and employee of Miami-Dade County School Board. (*See* Am. Compl. 2–3). Plaintiff alleges Williams "falsely accused" him of "aggravated stalking" resulting in his illegal detention in violation of the Fourteenth Amendment. (Aff. [ECF No. 7-1] 1; *see also* Am. Compl. 4). Plaintiff seeks $60,000.00 in damages for lost wages, emotional distress, loss of his apartment, and Williams's alleged slander of his name. (*See* Am. Compl. 6).

---

[2] "When a petition, motion to vacate, or complaint is submitted in forma pauperis, the petitioner/movant/plaintiff shall submit the form 'Application to Proceed Without Prepayment of Fees and Affidavit,' which may be obtained from the Clerk of the Court, or an affidavit which substantially follows the form, and shall, under oath, set forth information which establishes that he or she is unable to pay the fees and costs of the proceedings referenced above." S.D. Fla. L.R. 88.2(b).

[3] The Report advises Plaintiff he has time to file objections to the Report (*see id.* 2), but the Court sees no basis for an objection.

Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff simply alleges a private citizen falsely accused him of a crime and that he is entitled to monetary relief as a result. (*See generally* Am. Compl.). Plaintiff fails to plead waiver or valid abrogation in order to pursue his claims against entities of the State of Florida. *See Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 766 (11th Cir. 2020) (recognizing Florida's Department of Corrections as a state agency); *Librace v. Fla. Dep't of Law Enf't*, No. 3:19-cv-393, 2019 WL 6188619, at *3 (N.D. Fla. Nov. 4, 2019), *report and recommendation adopted*, 2019 WL 6174934 (N.D. Fla. Nov. 19, 2019) (recognizing State Attorney's Office as a state agency). Nor does Plaintiff allege any facts that suggest Williams may be considered a state actor. *See Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) ("To establish a claim under 42 U.S.C. [section] 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." (alteration added; citation omitted)).

In addition to failing to articulate a plausible claim for relief, the Amended Complaint is a quintessential shotgun pleading. A shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (alteration added; footnote call number omitted). From the information in the Amended Complaint, the Court is unable to distill what the nature of Plaintiff's claim or claims for relief might be. Plaintiff's conclusory allegations that Williams falsely accused him and that he was

unlawfully detained are insufficient. Nor will the Court do Plaintiff's job for him. *See Williams v. Donald*, No. 1:08-cv-57, 2009 WL 2589595, at *4 (M.D. Ga. Aug. 19, 2009) (alteration added) ("[C]ourts are not required to aid [*pro se*] litigants in setting forth legally cognizable claims." (alterations added)); *see also Jones v. N.L.R.B.*, 675 F. App'x 923, 925 (11th Cir. 2017) ("While *pro se* briefs are generally held to a less stringent standard than those submitted by counsel, courts are not required to step into the role of *de facto* counsel." (citation omitted)).

Accordingly, it is **ORDERED AND ADJUDGED** that the Report and Recommendation of Magistrate Judge **[ECF No. 8]** is **ADOPTED** as to the recommendation that the instant action be **DISMISSED** due to Plaintiff's failure to pay the filing fee or request leave to proceed *in forma pauperis*, as well as his failure to comply with the Court's Order [ECF No. 5]. After independent review of the record, Plaintiff's Amended Complaint **[ECF No. 7]** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. The Clerk is directed to **CLOSE** this case, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 14th day of October, 2020.

_____
**CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Lisette M. Reid
Plaintiff, Travis Ortez Anderson, *pro se*